## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ANDREA BECKWITH, *et al.*, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> AARON FREY, in his personal capacity ) <br> and in his official capacity as Attorney ) <br> General of Maine, ) <br> ) <br> Defendant. ) | Civil Action No. 1:24-cv-00384-LEW |

**ANSWER OF DEFENDANT AARON FREY TO PLAINTIFFS' COMPLAINT**

Defendant Aaron Frey, in his official capacity as Attorney General of Maine, answers Plaintiffs' Complaint dated November 12, 2024, as follows:

1. Defendant admits that on April 30, 2024, the Maine Legislature enacted a law imposing a 72-hour waiting period for certain purchases of firearms, that the law took effect on August 9, 2024, and that the law is now codified as 25 M.R.S. § 2016. The remaining allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

2. Defendant denies the allegations in the first sentence of this paragraph. Defendant admits that Congress enacted background checks for most firearms sales in the Brady Handgun Violence Prevention Act of 1993 (Brady Act), that the Brady Act contained a five-day waiting period on certain purchases when it was first enacted, and that Congress later amended the Brady Act such that a licensed firearms dealer currently may proceed with a sale to a person 21 years of age or older three business days after requesting a background check and may proceed with a sale to an 18-20 year-old ten business days after requesting a background check, even if the background

check has not been completed. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

      3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

      4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

      5.      Defendant denies the allegations in the first sentence of this paragraph. The remaining allegations of this paragraph contain legal argument and conjecture to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

      6.      Defendant denies the allegations in the first sentence of this paragraph. The remaining allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

      7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

      8.      Defendant admits that venue is proper in this District and the Attorney General maintains an office in this District. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

      9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

      10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

12. Defendant admits that plaintiff James White is a member of the Maine House of Representatives, representing District 30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15. Defendant admits that he is Maine's 58th Attorney General, that he maintains an office at 111 Sewall Street in Augusta, Maine, and that civil violations are enforceable by the Attorney General, the Attorney General's representative, and any other appropriate public official pursuant to 17-A M.R.S. § 4-B(1). Defendant need not respond to the allegations in the last sentence of this paragraph that describe Plaintiffs' claims for relief in this matter. Defendant denies the remaining allegations in this paragraph.

The unnumbered allegations inserted between paragraphs 15 and 16 contain legal argument to which no response is required. To the extent that a response is required, Defendant denies them.

16. Defendant admits that the Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The remaining allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

17. Defendant admits that waiting-period laws were first enacted in the United States in the twentieth century and that, when first enacted, at least some waiting-period laws were intended, in part, to facilitate the background check process. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

18. The allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. Defendant admits that some states have repealed their waiting-period laws. The remaining allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

20. Defendant admits that Congress enacted background checks for most firearms sales in 1993 in the Brady Act, that the Brady Act contained a five-day waiting period on certain purchases when it was first enacted, and that Congress later amended the Brady Act such that a licensed firearms dealer currently may proceed with a sale to a person 21 years of age or older three business days after requesting a background check and may proceed with a sale to an 18-20 year-old ten business days after requesting a background check, even if the background check has not been completed. The remaining allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

21. Defendant admits that 13 states plus the District of Columbia currently have waiting-period laws covering certain purchases and sales of certain firearms. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

22. Defendant admits that the Ninth Circuit upheld California's ten-day waiting period in 2016. The remaining allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

23. Defendant admits that 13 states, including Colorado, Vermont, New Mexico, Maine, plus the District of Columbia, currently have waiting-period laws covering certain purchases and sales of certain firearms. The remaining allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

24. Defendant admits that federal district courts in Colorado, Vermont and New Mexico have upheld the constitutionality of those states' waiting-period laws in response to Second Amendment challenges. The remaining allegations of this paragraph contain legal argument to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

25. Defendant admits that on April 30, 2024, the Maine Legislature enacted a law without the Governor's signature that imposed a 72-hour waiting period for certain purchases of firearms, that the law is titled "An Act to Address Gun Violence in Maine by Requiring a Waiting Period for Certain Firearm Purchases," that the law took effect on August 9, 2024, and that it is

now codified as 25 M.R.S. § 2016.  Defendant denies that the title of the bill (LD 2238) was "An Act to Reduce Suicides and Violent Crimes by Requiring a 72-Hour Waiting Period After the Sale of a Firearm."  The remaining allegations of this paragraph contain legal argument to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

26.   Defendant admits that Section 2016(2) provides in part that "[a] seller may not knowingly deliver a firearm to a buyer pursuant to an agreement sooner than 72 hours after the agreement."  Defendant also admits that the terms "firearm," "buyer," "seller," and "agreement" are defined by 25 M.R.S. § 2016(1): "firearm" is defined as "any weapon, whether loaded or unloaded, which is designed to discharge a projectile by the action of an explosive and includes any such weapon commonly referred to as a pistol, revolver, riffle, gun, machine gun, or shotgun.  Any weapon which can be made into a firearm by the insertion of a firing pin, or other similar thing, or by repair, is a firearm." 25 M.R.S. § 2016(1)(C); 17-A M.R.S. § 2(12-A); "buyer" is defined as "a person, not including a firearm dealer, who receives possession or ownership of a firearm through an agreement." 25 M.R.S. § 2016(1)(B); "seller" is defined as "a person or firearm dealer that owns a firearm and that is transferring ownership of the firearm to a buyer pursuant to an agreement." 25 M.R.S. § 2016(1)(E); and "agreement" is defined as "an agreement reached between a buyer and a seller for the purchase and the sale of a firearm." 25 M.R.S. § 2016(1)(E).  Defendant also admits that the Maine Legislature's purpose in imposing a waiting period was to reduce suicides and homicides by preventing the impulsive purchase of firearms.  The remaining allegations of this paragraph contain legal argument to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

27. Defendant admits that sellers who violate Section 2016 commit a civil violation for which a fine of between $200-$500 for the first violation and between $500-$1000 for each subsequent violation may be adjudged. Defendant also admits that, pursuant to 17-A M.R.S. § 4-B(1), civil violations are enforceable by the Attorney General, the Attorney General's representative, and any other appropriate public official. Defendant denies the remaining allegations of this paragraph.

28. Defendant admits that Section 2016 does not apply to the following: to the sale of a firearm if the seller knows that the buyer is a law enforcement officer, a corrections officer, or a certain type of private security guard, 25 M.R.S. § 2016(4)(A); to sales of firearms to firearm dealers, *id*. § 2016(4)(B); to sales of firearms between certain family members, *id*. § 2016(4)(C)(1); to certain sales of curio and relic firearms, *id*. § 2016(4)(C)(2)(a); and to sales of antique firearms as defined by 18 U.S.C. § 921(a)(16), *see* 25 M.R.S. § 2016(4)(C)(2)(b). Defendant admits that Section 2016 also does not apply to sales of firearms for which a background check is not required under federal or state law. *Id*. § 2016(4)(C)(3). Defendant denies the remaining allegations of this paragraph.

29. Defendant admits that Section 2016 does not have certain exceptions that are found in other states' waiting-period laws. Defendant denies that Section 2016 applies to all "private gun sales." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

Defendant denies the unnumbered allegations inserted between paragraphs 29 and 30.

30. Defendant denies the allegations of this paragraph.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

36. Defendant denies the allegations of this paragraph.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

44. Defendant admits that plaintiff James White is a member of the Maine House of Representatives. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

48. Defendant denies that "Section 2016 forces all transactions into a three-day hold." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

59. Defendant reasserts and incorporates by reference his responses to the preceding paragraphs as though fully set forth in his response to this paragraph.

60. Defendant admits that the Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  The remaining allegations of this paragraph contain legal argument to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

61. Defendant denies the allegations of this paragraph.

62. Defendant denies the allegations in the first sentence of this paragraph.  The remaining allegations of this paragraph contain legal argument to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

63. Defendant denies the allegations of this paragraph.

64. Defendant denies the allegations of this paragraph.

AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. The Court lacks subject-matter jurisdiction over some or all of Plaintiffs' claims.

3. Some or all of Plaintiffs lack standing.

4. Some or all of Plaintiffs' claims are not ripe.

5. Plaintiffs' claims, in whole or in part, are barred by sovereign immunity.

6. Plaintiffs' claim for damages against Defendant in his personal capacity is barred by qualified immunity.

WHEREFORE, Defendant demands judgment against Plaintiffs and for his costs and such other and further relief as the Court deems just.

Dated: January 31, 2025                  Respectfully submitted,

AARON M. FREY
Attorney General

CHRISTOPHER C. TAUB
Chief Deputy Attorney General


/s/ Thomas A. Knowlton
THOMAS A. KNOWLTON
Deputy Attorney General
Chief, Litigation Division
thomas.a.knowlton@maine.gov

PAUL SUITTER
Assistant Attorney General
Paul.suitter@maine.gov

Office of the Maine Attorney General
6 State House Station
Augusta ME  04333-0006
Tel. (207) 626-8880
Fax (207) 287-3145